UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL S. WILSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | 14-CV-1274 |
| ) | |
| LISA MADIGAN, ) | |
| ASSISTANT ATTORNEY ) | |
| GENERAL MARK MARLOTT, ) | |
| MAYOR JIM ARDIS, ) | |
| PEORIA COUNTY DEPARTMENT ) | |
| OF HUMAN SERVICES, ) | |
| JUDGE LISA WILSON, ) | |
| CIRCUIT CLERK ROBERT SPEARS, ) | |
| PEORIA COUNTY STATE'S ) | |
| ATTORNEY OFFICE, ) | |
| APRIL SUE KRIGNER, ) | |
| ) | |
| Defendants. ) | |

## MERIT REVIEW OPINION

MICHAEL M. MIHM, U.S. DISTRICT JUDGE.

Plaintiff, proceeding pro se and currently incarcerated in Pinckneyville Correctional Center, pursues claims arising from Defendants' alleged refusal to honor or enforce a state court order allowing Plaintiff to correspond with his four-year-old son. The case is before the Court for a merit review pursuant to 28 U.S.C. §

1915A.  In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013).  The allegations are taken from the Complaint and its attachments.

## ALLEGATIONS

Plaintiff has a four-year-old son, Antonio Dean Krigner-Wilson, whose mother is Defendant April Sue Krigner ("April").  In 2010, April filed a state court action seeking an order of protection. *Krigner on behalf of Krigner-Wilson, a minor v. Michael Wilson*, 10-OP-1119 (http://justice.peoriacouinty.org, family case records)(last visited 8/12/14).  An order of protection was entered against Plaintiff on November 12, 2010, (Plenary Order attached to Complaint, d/e 1-3, p. 44), but April was permitted to take Antonio to Plaintiff's place of incarceration for visits and to send pictures of Antonio to Plaintiff.  Plaintiff was also permitted to "send letters and cards to Petitioner on behalf of the minor but not to use this as a means to harass or abuse the Petitioner."  (1/12/11 Order, attached to Complaint, d/e 1-3, p. 44.)  The order was later modified or clarified to state that April was not required to take Antonio to the prison for visits and also "does not have to reveal her

address to him (Michael). Michael is allowed to write letters/cards to the child at 2706 West Hayes, Peoria, Illinois." (6/15/11 Order, attached to Complaint, d/e 1-4, p. 30).

The exhibits attached to the Complaint reflect that April moved away from the 2706 Hayes address at some point, providing no forwarding address and leaving Plaintiff no way to send letters to Antonio. (d/e 1-4, pp. 17-18.)

Plaintiff tried to petition the state court for an emergency hearing to obtain April's address, but the petition was denied because April could not be served and Plaintiff had not appeared for the hearing. (6/18/12 Order, attached to Complaint, 1-10, p. 71.) Plaintiff's absence at the hearing was not his fault: Plaintiff was incarcerated at the time and for reasons not clear he was not transported to the hearing.

Also in 2010, Defendant Mark Marlott, an Illinois Assistant Attorney General, prosecuted a child support case against Plaintiff on behalf of April and the Illinois Department of Healthcare and Family Services. (6/24/10 Complaint for Support, attached to Complaint, d/e 1-2, p. 6.) Because Plaintiff was incarcerated, no support was ordered, but that ruling will be reconsidered after

Plaintiff is released and employed. (8/3/10 Order, attached to Complaint, d/e 1-2, p. 12.) According to the docket, the child support case is set for a status call on September 18, 2014. *Krigner v. Wilson*, 10-F-00615, (http://justice.peoriacouinty.org, family case records)(last visited 8/12/14).

Plaintiff is currently pursuing a lawsuit in the Southern District of Illinois, alleging that his inability to access the prison law library prevented him from timely challenging April's violation of the order allowing Plaintiff to send letters to Antonio. He also alleges that the Warden refused to writ Plaintiff to the hearing on his emergency petition, resulting in the dismissal of his petition, which effectively allowed April to abscond with Antonio. Wilson v. Gaetz, 14-cv-00071 (S.D. Ill.).

## ANALYSIS

Plaintiff contends that Defendants have refused to provide or locate April's current address and that their actions have allowed April to abscond with Antonio in violation of the state court order allowing Plaintiff to write to Antonio. Plaintiff seeks money damages and an order directing Defendants to pay the cost of locating Antonio, among other relief.

Plaintiff has an arguable constitutional right to associate with his son, subject to the legitimate concerns of the prison and the well-being of Plaintiff's son. *See, e.g., Overton v. Bazzetta*, 539 U.S. 126, 131 (2003)(recognizing some right of association survives prison); *Arsberry v. Illinois*, 244 F.3d 558, 565 (7th Cir. 2001)("It is conceivable (no stronger statement is possible in the current state of the case law) that the constitutional concept of liberty may encompass a limited right to make or receive prison visits involving family members."); *Mayo v. Lane*, 867 F.2d 374, 375 (7th Cir. 1989)(claim that "natural liberty includes a right of association with members of her family, such as grandnephew" in prison is "not a frivolous argument.").

However, a federal district court like this one cannot intervene in this particular situation for several reasons.

First, Plaintiff's claim against April is based on state law, for violating the state court order and/or for committing some kind of state tort by interfering with Plaintiff's relationship with Antonio. *See Lloyd v. Loeffler*, 694 F.2d 489, 491 (7th Cir. 1982)(interference with custody right stated tort claim under Wisconsin law cognizable in federal court on diversity grounds). Diversity jurisdiction would

need to be present for a federal court to hear this state claim, 28 U.S.C. Section 1332(a), meaning that Plaintiff and April would need to be citizens of different states.[1] April's last known address was in Peoria, Illinois, so diversity jurisdiction has not been established. *See Lloyd v. Loeffler*, 694 F.2d 489, 491 (7th Cir. 1982)(remarking in dicta that "[p]robably the last domicile of the fugitive before he fled should be his domicile for diversity purposes.")  Further, whether April is in violation of the state court order is an issue for the state court.  If Plaintiff seeks to enforce the state court order he must do so in the state court proceedings.  If he seeks reconsideration of the state court's dismissal of his emergency petition, he must do so in the state court proceedings.

Second, the other Defendants cannot be sued on these allegations.  Judge Wilson is protected by absolute judicial immunity from civil lawsuits arising from her actions or inactions as a county judge.  *Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011)( "A judge has absolute immunity for any judicial actions unless the judge acted in the absence of all jurisdiction.").  Similarly, Illinois Assistant Attorney General Mark Marlott is

---

[1] This is assuming that the domestic relations exception does not preclude a federal court from hearing the claim.

protected by absolute prosecutorial immunity for pursuing the child support action, as is Illinois Attorney General Lisa Madigan. *See Parker v. Lyons*, 2014 WL 3045807 (7th Cir. 2014)(damages suit against county state's attorney in official capacity barred by Eleventh Amendment and individual capacity claim was barred by prosecutorial immunity).

    In addition to many of the Defendants being immune from a damages suit, the primary problem is that Plaintiff does not state a claim for the violation of a federal right. The heart of Plaintiff's claim is that the Defendants are doing nothing to stop April's violation of the state court order or April's interference with Plaintiff's right to associate with his son. However, the Constitution does not impose an affirmative duty on the government to protect citizens from another citizen's illegal behavior. *See DeShaney v. Winnebago County Dept. of Social Serv.*, 489 U.S. 189 (1989)(no constitutional duty to protect child from abuse even though state actors were made aware of danger); *Vance v. Rumsfeld,* 701 F.3d 193 (7th Cir. 2012)("Plaintiffs think that they should have done more, but no one can demand that someone else be prosecuted."); *Adams v. City of Auburn,* 33 Fed.Appx. 811 (7th Cir. 2011)(not

published in reporter)(plaintiff's claim that police refused to enforce visitation order was "doomed" because federal courts do not hear domestic relations disputes and because police are not constitutionally required to protect citizens from each other). In short, Plaintiff's legal remedy for April's alleged misconduct is in state court, not federal court.

**IT IS ORDERED:**

    1) Plaintiff's complaint is dismissed for failure to state a federal claim. Any amendment to the Complaint would be futile because no violation of federal law has occurred. The clerk is directed to enter a judgment pursuant to Fed. R. Civ. P. 58.

    2) This dismissal shall count as one of the plaintiff's three allotted "strikes" pursuant to 28 U.S.C. Section 1915(g).

    3) Plaintiff must still pay the full filing fee of $350 even though his case has been dismissed. The agency having custody of Plaintiff shall continue to make monthly payments to the Clerk of Court, as directed in the Court's prior order.

    4) If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of

judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.

    5)     The clerk is directed to record Plaintiff's strike in the three-strike log.

    6)     If not already done, the clerk is directed to grant Plaintiff's petition to proceed in forma pauperis for the purpose of allowing Plaintiff to pay the filing fee in installments and to assess the installment payments.

    7)     Plaintiff's motion for counsel is denied as moot (4).

    8)     This case is closed.

ENTERED:

FOR THE COURT:

                                **s/Michael M. Mihm**
                              MICHAEL M. MIHM
                        UNITED STATES DISTRICT JUDGE